Chet L. PARKER and Lois M. Parker, Appellants,

v.

TITLE & TRUST COMPANY et al., Appellees.

Walter STEGMANN, Appellant,

v.

TITLE & TRUST COMPANY et al., Appellees.

No. 14201.

United States Court of Appeals Ninth Circuit.

Oct. 12, 1956.

Cake, Jaureguy & Hardy, Nicholas Jaureguy, Portland, Or., for appellants Parker.

Phillips, Coughlin, Buell & Phillips, James K. Buell, Hart, Spencer, McCulloch, Rockwood & Davies, Manley B. Strayer, Cleveland C. Cory, Portland, Or., for appellee Title & Trust Co.

Krause, Evans & Lindsay, Dennis Lindsay, Portland, Or., for appellees Winans.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

PER CURIAM.

The appellees Winans, following our decision in this case, 233 F.2d 505, filed a petition for rehearing asserting, among other things, that we had mistaken the Oregon law in holding that certain statements made by the Parkers for which they were held liable to the Winans, were absolutely privileged under the doctrine applied in Strycker v. Levell, 183 Or. 59, 190 P.2d 922. The petition calls our attention to the later case of Grubb v. Johnson, 205 Or. 624, 289 P.2d 1067, 1074, not previously cited by the parties, and asserts that this case proves us wrong as to the Oregon law. We requested counsel for appellants Parker and Stegmann to supply us with briefs upon this point, and they have done so.

Careful study of the Grubb case convinces us that it has no bearing upon the question presented in this case, and that our original opinion was right in holding these statements absolutely privileged. In the Grubb case the defamatory matter was contained in a letter written by defendants, who operated an insurance agency, to the Oregon Insurance Commissioner. The plaintiff Grubb had been employed by defendants as an insurance solicitor, and in that capacity

had been licensed under the Oregon statute. Laws Ore. 1947, c. 373, § 1 et seq. The statute also provided that the Commissioner was required to revoke that license upon the written request of an employer. In the letter referred to, defendants directed the Commissioner to revoke the license to solicit insurance on the defendant's behalf. They then included in or added to the letter a statement that plaintiff should be denied any future license or privilege because he had misappropriated some of the defendants' funds to his own use. The defendants asserted that they were not liable for this defamatory statement on the ground that their letter was an absolutely privileged communication. The court held that a defense of absolute privilege was not available in that case because the Commissioner to whom the letter was addressed was not acting as a court nor was he called upon to render any quasi-judicial decision but that he had only a ministerial duty to perform. The court said with respect to the direction in the letter to revoke the solicitor's license: "The revocation was automatic and mandatory. The commissioner had only a ministerial duty to perform. He testified that the notice by the defendants 'constituted the revocation immediately.'" The court held that in adding to the portion of the letter directing the revocation of the license the further assertion that the plaintiff had been guilty of embezzlement, the defendants were acting as mere volunteers, and said; "The 'Revocation of Solicitor's License' was no part of a quasi judicial proceeding and the doctrine of absolute privilege was not applicable."

It appears to be plain that the reason for the decision in the Grubb case was that the defamatory communication had no relation to a judicial proceeding. The court points out that the anticipated action of the insurance commissioner related to a mere ministerial duty and that not even a quasi judicial proceeding was involved.

Accordingly, we adhere to our decision to the effect that the money judgment awarded the Winans against the Parkers and Stegmann must be set aside and reversed. Of course our judgment in no manner modified that part of the district court's judgment which dismissed the counterclaims of the Parkers and Stegmann against the Winans.

The petition for rehearing is denied.